BLUM | COLLINS LLP
  Steven A. Blum (Bar No. 133208)
  Craig M. Collins (Bar No. 151582)
  Douglas L. Thorpe (Bar No. 43749)
  Teresa A. Blasberg (Bar No. 105473)
707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
Telephone: 213.572.0400
Facsimile: 213.572.0401
blum@blumcollins.com; collins@blumcollins.com;
dthorpe@thorpelink.com; tablasberg@earthlink.net

Attorneys for Plaintiffs

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN, LLP,<br><br>Debtor,<br><br>---<br><br>DEBORA K. BIGGERS, CARL GOODMAN, ANNA SCARPA, and MARJORIE NORRIS, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HELLER EHRMAN, LLP,<br><br>Debtor. | Case No. 08-32514<br>Chapter 11<br><br>**ADVERSARY PROCEEDING**<br>**Ad. Pro. Case No. 09-ap-03058**<br><br>**PLAINTIFFS' NOTICE OF HEARING AND NOTICE OF MOTION FOR (1) CLASS CERTIFICATION; AND (2) RELIEF FROM STIPULATED STAY**<br><br>*[Filed concurrently with Memorandum of Points and Authorities and Declarations of Debora K. Biggers, Carl Goodman, Anna Scarpa, Marjorie Norris, Steven Blum and Craig M. Collins]*<br><br>Date: October 20, 2009<br>Time: 1:30 p.m.<br>Judge: Honorable Dennis Montali |

# NOTICE OF HEARING AND NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that Plaintiffs Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris will and hereby move the Court on October 20, 2009 at 1:30 p.m. in Courtroom 22 located at 235 Pine Street, 22nd Floor, San Francisco, California, for an Order providing for the following:

(1) the application of Federal Rules of Bankruptcy Procedure 9014 and 7023;

(2) certifying that this action is maintainable as a class action under Federal Rule of Bankruptcy Procedure 7023 and Federal Rule of Civil Procedure 23(a), 23(b)(1) and 23(b)(3);

(3) certifying the following classes:

> WARN Class: All employees who worked at or reported to one of Defendants' Facilities and were terminated without cause in the 30 days starting October 10, 2008, or were terminated without cause as the reasonable foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or about October 10, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

> California WARN Class: All employees who worked at or reported to one of Defendants' qualifying facilities in California and who were subject to a mass layoff, relocation, or termination ordered by Defendants on or after October 10, 2008.

> California Vacation Class: All former employees of Defendants in the State of California whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or who were owed severance pay.

> Washington Vacation Class: All former employees of Defendants in the State of Washington whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or who were owed severance pay.

> New York Vacation Class: All former employees of Defendants in the State of New York whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or were owed severance pay.

1

Case: 09-03058   Doc# 18   Filed: 09/22/09   Entered: 09/22/09 10:48:54   Page 2 of 4
Plaintiffs' Notice of Hearing on Motion for Class Certification and Relief from Stipulated Stay (09-ap-03058)

<u>District of Columbia Vacation Class</u>: All former employees of Defendants in the District of Columbia whose employment with Defendants ended on or after October 3, 2008, through the trial of this case, and who had accrued but unused vacation or sabbatical at the time of termination, or were owed severance pay;

(4) appointing Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris as the class representatives of the plaintiff classes;

(5) appointing Steven A. Blum, Craig M. Collins, Douglas L. Thorpe and Teresa A. Blasberg as class counsel; and

(6) to allow the filing of this motion despite the parties' stipulated stay on this litigation (which by its own terms expired October 5, 2009).

Pursuant to Fed. R. Civ. P. 23(a), this motion will be made on the grounds that: (1) the members of the proposed classes are so numerous that joinder of all members individually is impracticable; (2) there are questions of fact or law common to the classes; (3) the claims and defenses of the class representatives are typical of the classes; and (4) the class representatives will fairly and adequately protect the interests of the classes. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiffs also bring this motion on the grounds that the classes are maintainable under Fed. R. Civ. P. 23(b)(3) because the questions of law and fact common to the members of the proposed classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

Plaintiffs seek leave to allow the filing of this motion despite the parties' stipulated stay (Docket No. 14) on this litigation (which expired October 5, 2009) on the grounds that on August 27, 2009 Defendant Heller Ehrman made a settlement offer to the proposed class of plaintiffs. The offer is expressly made subject to the condition that "…95% of all Biggers purported class members [must] agree to the settlement…." The only effective way for the Plaintiffs and their counsel to negotiate and resolve this case by settlement is for the Plaintiffs to be designated as class representatives entitled to act on behalf of the entire class. It would be difficult or impossible for the Plaintiffs to round up 95 percent of the more than 500 potential

2

class members for any settlement absent class certification, and thus it will be just and administratively efficient to allow a determination as to class certification now.

The Plaintiffs' First Amended Complaint in this Adversary Action, in addition to alleging a plaintiffs' class, also alleges that it is proper in this action to certify a class of defendants (i.e., the former shareholders of the law firm). This motion does not seek any order certifying a class of defendants at this time. The issue of the defendants' class will be addressed by subsequent motion.

This motion is based on this notice of hearing and notice of motion for class certification and for relief from the stipulated stay; the memorandum of points and authorities filed concurrently herewith; the Declarations of Debora K. Biggers, Carl Goodman, Anna Scarpa, Marjorie Norris, Steven A. Blum and Craig M. Collins filed concurrently herewith; the pleadings and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing on this motion.

Dated: September 21, 2009　　　　　　　　BLUM | COLLINS LLP
　　　　　　　　　　　　　　　　　　　　　Steven A. Blum
　　　　　　　　　　　　　　　　　　　　　Craig M. Collins
　　　　　　　　　　　　　　　　　　　　　Douglas L. Thorpe
　　　　　　　　　　　　　　　　　　　　　Teresa A. Blasberg

　　　　　　　　　　　　　　　　　　　　By  /s/ Steven A. Blum

　　　　　　　　　　　　　　　　　　　　Steven A. Blum
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs