| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | BLUM \| COLLINS LLP<br>   Steven A. Blum (Bar No. 133208)<br>   Craig M. Collins (Bar No. 151582)<br>   Douglas L. Thorpe (Bar No. 43749)<br>   Teresa A. Blasberg (Bar No. 105473)<br>707 Wilshire Blvd., 48th Floor<br>Los Angeles, California 90017<br>Telephone: 213.572.0400<br>Facsimile: 213.572.0401<br>blum@blumcollins.com; collins@blumcollins.com;<br>dthorpe@thorpelink.com; tablasberg@earthlink.net<br><br>Attorneys for Plaintiffs |

### UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN, LLP,<br><br>          Debtor,<br><br>———————————————<br><br>DEBORA K. BIGGERS, CARL GOODMAN, ANNA SCARPA, and MARJORIE NORRIS, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>          Plaintiffs,<br><br>vs.<br><br>HELLER EHRMAN, LLP,<br><br>          Debtor. | Case No. 08-32514<br>Chapter 11<br><br>**ADVERSARY PROCEEDING**<br>**Ad. Pro. Case No. 09-ap-03058**<br><br>**DECLARATION OF CRAIG M. COLLINS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>*[Filed concurrently with Notice of Motion and Motion for Class Certification, Memorandum of Points and Authorities in support thereof, and Declarations of Debora K. Biggers, Carl Goodman, Anna Scarpa, Marjorie Norris and Steven A. Blum]*<br><br>Date: October 20, 2009<br>Time: 1:30 p.m.<br>Judge: Honorable Dennis Montali |

Decl. of Craig M. Collins in support of Plaintiffs' Motion for Class Certification and to Reduce Stipulated Stay (09-ap-03058)

Case: 09-03058    Doc# 23    Filed: 09/22/09    Entered: 09/22/09 11:04:56    Page 1 of 5

# DECLARATION OF CRAIG M. COLLINS

Craig M. Collins declares:

1. I one of the attorneys for the plaintiffs in this action.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I would and could testify competently to those facts.

3. I have no known conflicts with the Plaintiffs or the members of the proposed classes or subclasses.

4. I am aware of only one other lawsuit involving claims between any other class member and the Debtor. It is a case filed a single former employee named David J. Simon. Mr. Simon is representing himself in *pro per* in California state court.

5. I know from my investigation in this case including interviewing more than a dozen former Heller employees that more than 500 persons satisfy the definition of one or more of the proposed classes and subclasses.

6. Further, these class members are readily ascertainable. The proposed classes and subclasses consist of Debtor's former employees who worked at specific locations within a definite time period and who were all terminated around the same time. Thus, the proposed class definitions are based on an objective determination that can be identified through Debtor's employment records. Debtor has in its possession a current or last known address and/or telephone number for each member of the proposed classes and subclasses.

7. I have had first-chair trial experience in numerous large scale complex lawsuits in California and the Federal Courts.

8. The United States District Court for Northern California recently appointed me and my firm as class counsel for a certified WARN Act class in the case of *Bergman, et al. v. Thelen, LLP,* in the Northern District of California, Case No. CV-08-5322-EDL. That case also involves the dissolution of a large San Francisco law firm in which I and my firm were retained by a group of ex-Thelen associate lawyers and staff members.

1

9. I am a 1983 graduate (magna cum laude) of Indiana University School of Law with a 1980 bachelor of arts in Economics (with Honors) from the University of Chicago. I am a member of the State Bar of California in good standing.

10. After meeting with representatives and counsel for the Debtor and the Unsecured Creditors Committee in person at Debtor's counsel's office in San Francisco on August 24, 2009, the Debtor's counsel John Fox sent his August 27, 2009 letter (Exh. A hereto) memorializing in writing the settlement terms proposed by the Debtor. Upon reading that the offer was expressly made subject to the condition that "…95% of all Biggers purported class members [must] agree to the settlement….," I undertook to communicate with as many potential class members as possible about the settlement proposal.

11. I have contact information for over 80 employees (most of whom have retained my firm to represent them in this matter). Our firm has been retained by over 70 potential class members. However, the Debtor has informed me that there is a total of over 500 potential class members. I have dug up what I believe is contact information for over 200 of the potential class members, but I'm not even sure this information is correct.

12. On August 28, 2009, I wrote to the Debtor's counsel John Fox and requested the email address or other contact information for the other potential class members so that I could convey this settlement proposal to them (in the hope of rounding up the 95 percent minimum level of support, if not for this proposal then for a better one). The Debtor's counsel has thus far refused to provide any contact information. Since I made the request several weeks ago and have heard no response, I doubt that the Debtor intends to provide me with the contact information necessary to convey this settlement proposal to the potential class members whose consent is needed before it is even valid.

13. Thus I, and the class members, are greatly handicapped in even responding to this settlement proposal since there is no realistic way to round up 95 percent or more of them to consent to any settlement. I currently lack any means to communicate with the entire class. This is exactly the type of situation that class certification is meant to address. If a class is certified and class representatives appointed, the class representatives can speak for the 500 or more

2

employees. Their names and addresses of class members will be shared with us so that we can communicate with them. The class members who favor any settlement will have the opportunity to accept it, and those who don't will be able to opt out. This is the fairest procedure for everyone, and puts the potential class members on equal footing in negotiating with the Debtor for settlement.

14. In about April 2009, I notified the Debtor's counsel John Fiero and Ken Brown that we intended to seek class certification for the proposed classes in this action. The Debtor's counsel asked us as Plaintiffs' counsel to stay the litigation while the Debtor litigated issues against Bank of America, which were of common concern to the Plaintiffs and the Debtor. The Debtor's counsel assured Plaintiffs' counsel that Plaintiffs would not be prejudiced by failing to seek class certification during the stay period, because the Debtor would stipulate to class certification at least for a settlement class. Accordingly, the Plaintiffs entered into a stipulation for a stay of this action, which was approved by the Court. (Docket No. 14.) In recent weeks, I have come to believe that the Debtor would refuse to stipulate to class certification and instead would instead try to undercut the class by "picking off" some of the Plaintiffs with individual settlement offers. I believe the employees would get a much fairer result in this case if the class is certified and they can negotiate as a group (and not fear the expense of litigating their individual claims).

15. The Debtor's counsel has prepared and shown us a detailed Excel spreadsheet about each potential class members' claim for unpaid wages, WARN wages, waiting time wages, etc. While the parties may dispute some legal issues, these legal issues pertain to either all or large groups of potential class members. Thus, it will be administratively efficient for these disputes to be resolved collectively in a certified class action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 21, 2009 at Los Angeles, California.

/s/ Craig M. Collins
CRAIG M. COLLINS

4