

Signed and Filed: April 05, 2010

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

FOX, WANG & MORGAN P.C.
John C. Fox (Bar No. 135668)
jfox@foxwangmorgan.com
Alexa L. Morgan (Bar No. 234911)
amorgan@foxwangmorgan.com
160 W. Santa Clara St., Suite 700
San Jose, California 95113
Telephone: 408-844-2350
Fax: 408-844-2351

Attorneys for Defendants,
HELLER EHRMAN LLP, HELLER EHRMAN (CALIFORNIA), A PROFESSIONAL CORPORATION, HELLER EHRMAN (WASHINGTON), P.S., HELLER, EHRMAN, WHITE & MCAULIFFE (OREGON), P.C., HELLER EHRMAN (ALASKA), P.C., HELLER EHRMAN (NEW YORK), A PROFESSIONAL CORPORATION, AND HELLER EHRMAN (CHINA), P.C.

PACHULSKI STANG ZIEHL & JONES LLP
Kenneth H. Brown (Bar No. 100396)
kbrown@pszjlaw.com
John D. Fiero (Bar No. 136557)
jfiero@pszjlaw.com
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Phone: 415-263-7000
Fax: 415-263-7010

Attorneys for Defendant,
HELLER EHRMAN LLP

BLUM COLLINS LLP
Steven A. Blum (Bar No. 133208)
blum@blumcollins.com
Craig M. Collins (Bar No. 151582)
collins@blumcollins.com
707 Wilshire Boulevard, 48th Floor
Los Angeles, California 90017
Phone: 213-572-0400
Fax: 213-572-0401

BLASBERG & ASSOCIATES
Teresa A. Blasberg (Bar No. 105473)
tablasberg@earthlink.net
526 N. Juanita Ave
Los Angeles, CA 90004
Phone: 323-515-3578
Fax: 323-661-2940

Attorneys for Plaintiffs and the Putative Class

```
FELDERSTEIN, FITZGERALD, WILLOUGHBY & PASCUZZI LLP
Thomas A. Willoughby (Bar No. 137597)
twilloughby@ffwplaw.com
400 Capital Mall, Suite 1450
Sacramento, California 95814-4434
Phone:  916-329-7400
Fax:  916-329-7435
```

Attorneys for Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HELLER EHRMAN LLP,<br><br><br>                       Debtor, | Case No. 08-32514<br>Chapter 11 |
| DEBORA K. BIGGERS, CARL GOODMAN, ANNA SCARPA, and MARJORIE NORRIS, individually, on behalf of all others similarly situated,<br><br>                       Plaintiffs,<br>vs.<br><br>HELLER EHRMAN LLP, a California Limited Liability Partnership; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a California professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (WASHINGTON), P.S., a Washington professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE (ALASKA), P.C., an Alaska professional corporation; HELLER, EHRMAN, WHITE & McAULIFFE, A PROFESSIONAL CORPORATION, a New York professional corporation; HELLER EHRMAN (CHINA), P.C., a District of Columbia professional corporation; MATTHEW LARRABEE, individually and on behalf of those similarly situated; ROBERT HUBBLE, individually and on behalf of those similarly situated;<br><br>-CAPTION CONTINUES ON NEXT PAGE- | **ADVERSARY PROCEEDING**<br>Ad. Pro. Case No. 09-03058<br><br>**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 GRANTING PRELIMINARY APPROVAL RE:**<br>**(A) SETTLEMENT OF CLASS ACTION CONCERNING WAGE CLAIMS;**<br>**(B) CERTIFYING A CLASS FOR SETTLEMENT PURPOSES ONLY;**<br>**(C) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES;**<br>**(D) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF SETTLEMENT, OBJECTION AND OPT-OUT RIGHTS; AND**<br>**(E) SCHEDULING DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | STEVEN KOPPEL, individually and on behalf of those similarly situated; MARIE FIALA, individually and on behalf of those similarly situated; MARK WEEKS, individually and on behalf of those similarly situated; LYNN LOACKER, individually and on behalf of those similarly situated; BARRY LEVIN, individually and on behalf of those similarly situated; KENNETH CHERNOF, individually and on behalf of those similarly situated; LAWRENCE KEESHAN, individually and on behalf of those similarly situated; ROBERT ROSENFELD, individually and on behalf of those similarly situated; PETER BENVENUTTI, individually and on behalf of those similarly situated; and JONATHAN HAYDEN, individually and on behalf of those similarly situated,<br><br>Defendants. |

Having considered the proposed Compromise and Settlement Agreement and Exhibits attached thereto (hereinafter collectively "Settlement Agreement"); having considered the Joint Motion for Preliminary Approval of Class Settlement and related relief ("Joint Motion"); having considered the respective points and authorities and declarations in support of the Joint Motion; and good cause appearing:

**THE COURT FINDS** that the proposed settlement, as set forth in the Settlement Agreement, should be preliminarily approved as fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Settlement Agreement (without Exhibits A and H which have been filed under seal) is incorporated by reference and hereby made a part of this Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") docketed separately as docket no. 55 and hereinafter referred to as **Exhibit "1."**[1]

**THEREFORE, IT IS HEREBY ORDERED:**

---

[1] All capitalized terms used in this Order have the meanings specified in the Settlement Agreement, unless otherwise defined.

1. **Preliminary Approval of Proposed Settlement:** The proposed settlement, on the terms and conditions stated in the Settlement Agreement, is preliminarily approved by the Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. The Court specifically finds that:

    A. There is no evidence of collusion. The proposed settlement, as set forth in the Settlement Agreement, resulted from extensive arms-length negotiation. The settling parties engaged in months of negotiations before a settlement was reached, including a face-to-face mediation session before James Tiemstra, Esq., numerous additional discussions, and negotiation and exchange of proposals and counter-proposals in finalizing this settlement.

    B. The proposed settlement, as set forth in the Settlement Agreement, is sufficient to warrant dissemination of notice to the Plaintiff Class and Defendant Shareholder Class, and to schedule a final fairness hearing. The proposed settlement provides substantial benefits to the Plaintiff Class. The benefits offered by the proposed settlement fall within the range of possible final approval.

    C. [DELETED].

    D. Before reaching this settlement, the settling parties investigated the relevant facts sufficient to evaluate the fairness of the proposed settlement.

    E. The Plaintiff Class is and was at all times adequately represented by Class Representatives and Class Counsel. Class Counsel has fully and competently prosecuted this Class Action. Further, Class Counsel, Counsel for the Committee, and counsel for the respective Debtor, Professional Corporation Defendants, and Defendant Shareholder Class (the Professional Corporation Defendants and Defendant Shareholder Class collectively hereinafter referred to as "non-Debtor Defendants) are experienced trial lawyers with specialized knowledge in the issues implicated by this litigation and class action litigation generally. All counsel are capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal. All counsel agree that the proposed settlement represents a reasonable resolution to this matter in light of the various risks and costs to the respective parties of continued litigation.

2. **Definition of Plaintiff Class and Subclasses, Defendant Shareholder Class:**

A. *Classes Defined*. For purposes of the Settlement Agreement only, the Court certifies the following classes:

<u>Plaintiff Class</u>: All former employees of Heller Ehrman LLP (the "Debtor") who worked at or reported to one of the Debtor's facilities ("Facilities"), and who Heller Ehrman LLP terminated without cause as part of or as the reasonably expected consequence of the October 10, 2008 decision of mass layoff or plant closing at the Facilities. For convenience, the names of these "Plaintiff Class Members" in this matter are listed in **Exhibit A** to the Settlement Agreement. The Plaintiff's Class is made up of three subclasses:

(1) The first subclass (the "WARN Classes") is made up of all employees of the Debtor who the Debtor terminated on, or within 30 days of, October 10, 2008 pursuant to the dissolution and mass layoff, and who did not receive 60 days of notice prior to their termination. The WARN Classes includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) so terminated other than employees who are not entitled to participate in the Settlement Agreement because: (i) they voluntarily resigned from their employment with the Debtor or were terminated for cause or good reason; or (ii) they released the Debtor from any and all claims arising out of their employment other than in connection with the Joint Plan of Liquidation of Heller Ehrman LLP proposed by the Debtor and the Committee (the "Plan"); (iii) they did not work in a Heller Ehrman LLP office that employed at least 50 full-time employees; or (iv) they suffered no economic WARN damages as a result of their termination. The

WARN Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

(2) The second subclass (the "Vacation Classes") is made up of all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff that took place on or about October 10, 2008. The Vacation Classes includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; or (ii) they had no accrued vacation at the time of their termination. The Vacation Classes do not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

(3) The third subclass (the "Unpaid Wages Class") is made up of all of the employees of the Debtor who the Debtor terminated after September 26, 2008 pursuant to the dissolution and mass layoff, and who are owed monies in accordance with sabbatical, wage, and/or non-discretionary bonus contracts. The Unpaid Wages Class includes all of the Debtor's employees (secretaries, paralegals, associates, and administrative personnel) terminated in connection

therewith other than employees who are not entitled to participate in the Settlement Agreement because (i) they released the Debtor from any and all claims arising out of their employment other than in connection with the Plan; (ii) they had no contract with the Debtor for wages; (iii) they had no contract with the Debtor for payment of a non-discretionary bonus, or had not satisfied the conditions precedent of such a contract; or (iv) they had no vested sabbatical entitlement. The Unpaid Wages Class does not include any employees of the Debtor who held the title "Of Counsel" or "Senior Of Counsel," unless otherwise identified on **Exhibit A** of the Settlement Agreement.

Defendant Shareholder Class: All former Shareholders of Heller Ehrman (California), A Professional Corporation; Heller Ehrman (Washington), P.S.; Heller, Ehrman, White, & McAuliffe (Oregon), P.C.; Heller Ehrman (Alaska), P.C.; Heller Ehrman (New York), A Professional Corporation; and Heller Ehrman (China), P.C. (collectively, the entities hereinafter referred to as "Professional Corporation Defendants") as of August 11, 2008, or who would be members of the Defendant Shareholder Class as defined in the Amended Complaint in the Action, whether or not such persons are listed on **Exhibit B** to the Settlement Agreement (collectively the "Defendant Shareholder Class").

B. *Class Period*. The Class Period is from September 26, 2008 through the date of Preliminary Approval of the Settlement as defined below.

C. *Class Representatives*. Contingent upon final approval of the Settlement Agreement, the Court appoints Plaintiffs Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris (collectively the "Class Representatives") as the Class Representatives of the

Plaintiff Class. The Court finds that Debora K. Biggers, Carl Goodman, Anna Scarpa, and Marjorie Norris are adequate Class Representatives and have claims typical of members of the Plaintiff Class.

Contingent upon final approval of the Settlement Agreement, the Court appoints Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel (collectively the "Defendant Shareholder Class Representatives") as the Class Representatives of the Defendant Shareholder Class. The Court finds that Robert Rosenfeld, Kenneth Chernof, Maria Fiala, Robert Hubbell, Larry Keeshan, Matthew Larrabee, Barry Levin, Mark Weeks and Steven Koppel are adequate Defendant Shareholder Class Representatives and have defenses typical of members of the Defendant Shareholder Class.

  D. *Class Counsel*. Contingent upon final approval of the Settlement Agreement, the law firm of Blum Collins LLP shall be appointed as class counsel for the Plaintiff Class (hereinafter "Class Counsel").

Contingent upon final approval of the Settlement Agreement, the Court finds that the Plaintiff Class is ascertainable, and there are common issues of law and fact as to members of the Plaintiff Class. Contingent upon final approval of the Settlement Agreement, the Court further finds that a class action is the superior means to resolve this matter. As such, Class Representatives and Plaintiff Class Members are precluded from filing or prosecuting any other litigation involving the claims released pursuant to the Settlement Agreement while the Court determines the fairness of the Settlement for final approval.

  3. **Final Approval/Fairness Hearing:** A Final Approval/Fairness Hearing will be held on **July 8, 2010**, at 1:30 p.m. (or on such continued date(s) or time(s) as the Court may direct), in the United States Bankruptcy Court for the Northern District of California, Courtroom 22, the Honorable Dennis Montali presiding.

At the Final Approval/Fairness Hearing, the Court will consider all matters set forth in the Settlement Agreement, including: (a) the fairness, reasonableness and adequacy of the proposed settlement, as set forth in the Settlement Agreement; (b) whether the Court should

finally approve the proposed settlement, as set forth in the Settlement Agreement; (c) any Class Counsel application for an award of attorneys' fees and reimbursement of costs and expenses; and (d) such other matters as the Court may deem proper and necessary. Further, the Court will consider approval of the Release as set forth in the Settlement Agreement; entry of a final Order Approving Settlement of this Action in accordance with the terms of the Settlement Agreement; the entry of final judgment and dismissal with prejudice, and the making of any findings regarding all issues related to this settlement and this litigation.

Class Counsel shall file their motion for final approval of the proposed settlement, deliver a courtesy copy thereof to Judge Montali, and serve a copy on all other counsel by overnight delivery on or before **June 10, 2010**. Debtor's counsel shall file and serve their papers regarding final approval of the settlement on or before **June 10, 2010**. Class Counsel may file any reply/response to any objections Plaintiff Class Members may file to the settlement, attorneys' fees and/or incentive award on or before **July 1, 2010**. Likewise, the Debtor may file any reply/response to any objections Plaintiff Class Members may file to the settlement on or before **July 1, 2010.**

4. **<u>Notice of Settlement</u>:** The Court hereby approves, as to form and content, the Notice to the Plaintiff Class substantially in the form attached as **Exhibit D** to the Settlement Agreement. The Court further approves, as to form and content, the Notice to the Defendant Shareholder Class substantially in the form attached as **Exhibit F** to the Settlement Agreement.

The Claims Administrator shall provide notice in the manner set forth in Sections 12 and 13 of the Settlement Agreement to the persons identified on the Plaintiff Class Member List and to Defendant Shareholders. Notice to both the Plaintiff Class and the Defendant Shareholder Class will be transmitted on or before **April 9, 2010**.

Any member of the Plaintiff Class who desires to be excluded from the Plaintiff Class, and therefore not bound by the terms of the Settlement Agreement, must submit, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion ("Opt-Out Form"), to be received no later than **May 13, 2010**.

Any member of the Defendant Shareholder Class who desires to be excluded from the Defendant Shareholder Class, and therefore not bound by the terms of the Settlement Agreement, must submit, pursuant to the instructions set forth in the Notice, a timely and valid written Request for Exclusion ("Opt-Out Form"), to be received no later than **May 13, 2010.**

Not later than three (3) days before the Final Approval Hearing, the parties shall file with the Court a report stating the total number of persons that have submitted timely and valid Requests for Exclusion from the Plaintiff Class and the Defendant Shareholder Class, and the names of such persons. Any member of the Plaintiff Class or Defendant Shareholder Class who elects to be excluded shall not be entitled to receive any of the benefits of the settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the settlement or appear at the Final Settlement Hearing.

The Court finds that the Parties' plan for providing notice to the Plaintiff Class and Defendant Shareholder Class described in Sections 12 and 13 of the Settlement Agreement (the "Notice Plan") constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Plaintiff Class and the Defendant Shareholder Class of the pendency of the Class Action, the terms of the Settlement Agreement, and the Final Settlement Hearing, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7023 of the Federal Rules of Bankruptcy Procedure, and any other applicable law.

The Court finds that the Notice Plan is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Plaintiff Class Members and Defendant Shareholder Class of their right to participate in, object to, and appear at the Final Approval/Fairness hearing on the proposed settlement, all as set forth in the Settlement Agreement. The Court further finds that the Notice Plan will adequately inform members of the Plaintiff Class and Defendant Shareholder Class of their right to exclude themselves from the settlement so as not to be bound by the terms of the Settlement Agreement.

The Court further finds that the Notices to the Plaintiff Class and the Defendant Shareholder Class and the transmittal thereof, as provided in the Settlement Agreement,

constitutes due and sufficient notice of the Final Approval/Fairness Hearing, the Plaintiff Class Members' and Defendant Shareholder Class' right to object and appear at said hearing, the proposed settlement, the application for attorneys' fees, litigation expenses, and incentive awards, and the other matters set forth in the Settlement Agreement.

5. **Proof of Sending Notice of Settlement:** The Claims Administrator shall file and serve, by the same deadline and in the same manner specified for filing and service of documents in support of final settlement approval, *supra*, proof, by affidavit or declaration, of the transmittal of the Notice of to the Plaintiff Class and the Notice to Defendant Shareholder Class in the manner provided in the Settlement Agreement and in this Preliminary Approval Order.

6. **Objections:** Any Plaintiff Class Member or Defendant Shareholder Class member who does not submit a valid and timely Opt-Out Form may object to the Settlement Agreement and/or to Class Counsel's application for attorneys' fees and costs. To have the right to appear and be heard at the Final Settlement Hearing, either personally or through an attorney retained at the Plaintiff Class Member's or Defendant Shareholder Class member's own expense, a Plaintiff Class Member or Defendant Shareholder Class member must file with the Court and serve, no later than **June 24, 2010** a written notice of intention to appear, together with supporting papers including a detailed statement of the specific objections made, facts demonstrating that they are members of the Plaintiff Class or the Defendant Shareholder Class, accompanied by points and authorities, declarations and any other evidence relied upon by the objecting party. Only Plaintiff Class Members or Defendant Shareholder Class members who have filed and served valid and timely notices of intention to appear, together with supporting papers, shall be entitled to be heard at the Final Approval Hearing. Service of all papers filed with the Court, shall be served on counsel for the Parties by first-class mail as follows:

**Class Counsel:**
Steven A. Blum, Esq.
Blum Collins LLP
707 Wilshire Boulevard, 48th Floor
Los Angeles, CA 90017

**Debtor and Professional Corporation Defendants' Counsel:**
John C. Fox, Esq.
Fox, Wang & Morgan P.C.

<div style="margin-left: 2em;">
160 W. Santa Clara St., Suite 700
San Jose, CA 95113

**Debtor's Bankruptcy Counsel:**
Kenneth H. Brown, Esq.
Pachulski, Stang, Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111

**Counsel to Certain Defendant Shareholder Class Members:**
David M. Stern, Esq.
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

**Counsel to Certain Defendant Shareholder Class Members:**
Tobias S. Keller, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

**Counsel for the Creditors' Committee:**
Thomas A. Willoughby, Esq.
Felderstein, Fitzgerald, Willoughby & Pascuzzi LLP
400 Capital Mall, Suite 1450
Sacramento, CA 95814
</div>

Any briefs, declarations, evidence, or other matter not properly and timely served pursuant to this Order will not be considered at the Final Approval Hearing. Any Plaintiff Class Member or Defendant Shareholder Class member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Settlement Agreement, the payment of attorneys' fees and costs, or the Final Settlement Order and Judgment.

Filing of an objection shall not, by itself, preclude or limit any Plaintiff Class Member's right to receive benefits, if any, under the proposed Settlement.

7. **Continuing Jurisdiction:** For the benefit of the Plaintiff Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure the effectuation thereof in accordance with the proposed settlement, as set forth in the Settlement Agreement, preliminarily approved herein and the related orders of this Court. Without limiting the foregoing, the Court will retain continuing jurisdiction over all aspects of

this Class Action including but not limited to, the fairness of the settlement, the adequacy of representation by counsel, the amount of attorneys' fees, costs, and litigation expenses to be awarded Class Counsel, the amount of any incentive compensation to be paid to the Class Representatives, any claim by any party relating to the representation by counsel of any party in this action and over all issues related to this settlement including any collateral challenges made regarding any matter related to this litigation or this settlement or the conduct of any party or counsel relating to this litigation or this settlement.

8.  **Continuance of Hearing:** The Court may, for good cause, extend any of the deadlines set forth in this Order. The Final Settlement Hearing may, from time to time, be continued upon Court order.

9.  **Effect of Non-Approval of Settlement Agreement:** In the event that the proposed settlement is not approved by the Court at the Final Settlement Hearing, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Class Action, the bankruptcy case, or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding October 8, 2009.

***END OF ORDER***